EVERETT, Senior Judge
(concurring):
I concur fully in Judge Effron’s excellent opinion in this case. I write separately to make three observations.
First, the opinion rejects some of the claims of ineffective assistance of counsel because of the absence of any prejudice to Appellant, even if defense counsel’s performance were defective. Certainly Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), authorizes such treatment of those claims. However, I wish to note that my own review of the extensive record in this complex case convinces me that defense counsel, both civilian and military, performed their duties in a very professional manner—as also did the prosecutors and military judge.
Second, under the unique circumstances of this case, I join in holding that the testimony from third-party witnesses relating to some incidents of spousal abuse should have been admitted. However, in my view the Court’s ruling in this regard should be very narrowly applied in future cases.
Third, I agree fully with the principal opinion’s conclusion that, in light of the overwhelming prosecution evidence, the eviden-tiary error did not affect the court-martial’s rejection of Appellant’s claim of self-defense. Giving Appellant every benefit of the doubt, I also join in concluding that Appellant was prejudiced as to the element of premeditation. Again, the unique circumstances of the case are significant. Although slaying a victim by stabbing him a hundred times with a knife does not automatically negate premeditation or make the prosecution’s evidence of premeditation insufficient, court-martial members might logically reason that this method of homicide indicated a lack of deliberation. In the unusual factual situation of this case, the erroneous exclusion of evidence of spousal abuse might have affected the court-martial’s finding of premeditation. Therefore, I concur.